SUMMARY ORDER

Youcai Lin, a native and citizen of the People’s Republic of China, seeks review of a February 21, 2008 order of the BIA, affirming the October 25, 2006 decision of Immigration Judge (“IJ”) Javier Balas-quide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Youcai Lin, No. A98 390 591 (B.I.A. Feb. 21, 2008), aff'g No. A98 390 591 (Immig. Ct. N.Y. City Oct. 25, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (B.I.A.2007).
*362 As an initial matter, Lin failed to exhaust his administrative remedies with regard to his claim under the CAT because he did not challenge the denial of that relief before the BIA. Therefore, this Court lacks jurisdiction over the petition insofar as it challenges the denial of CAT relief and we dismiss it to that extent. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).
Regarding Lin’s asylum and withholding claims, we find that substantial evidence supports the agency’s adverse credibility determination. The agency appropriately relied on inconsistencies between Lin’s testimony that he fled China to avoid persecution for practicing Falun Gong and the statements he made during an interview at the U.S. border, where he said that he was touring Mexico and had no desire to go to the U.S.; that he wanted to return to Mexico to continue his tour; and that he had no fear of returning to China or of being removed from the United States. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 168 (2d Cir.2008). The record indicates that the border interview was a sufficiently accurate record of Lin’s statements to merit consideration in the agency’s credibility determination. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). Moreover, Lin’s inconsistent accounts before the agency thoroughly undermines his credibility. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 398 (2d Cir.2005).(“where ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.”). Finally, Lin failed to raise his argument that he will be persecuted upon return to China for his alleged illegal departure. Because the government objects, we decline to review this unexhausted argument. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 120 (2d Cir.2007).
Because substantial evidence supports the agency’s adverse credibility determination, the agency’s denial of Lin’s application for asylum and withholding of removal was not improper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal claims must fail if petitioner is unable to show the objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).